UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KRISTINA L. B.,<br><br>      Plaintiff,<br><br>  v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | Case No. 3:24-cv-05874-TLF<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

…

  Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

  Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations

omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

On July 29, 2021, plaintiff filed an application for Social Security Disability Insurance Benefits ("SSDI"), alleging a disability onset date of January 1, 2021. Administrative Record ("AR") 243-54. The ALJ found plaintiff's date last insured would be December 31, 2025. The claim was denied initially and upon reconsideration. AR 124-25, 121. Plaintiff's request for a hearing was granted, and the initial hearing took place on the telephone on February 6, 2024. AR 39-49. After the first hearing was postponed so that plaintiff could obtain a legal representative, the second hearing took place on February 6, 2024. AR 50-102. ALJ Erickson determined plaintiff was not disabled in an opinion dated May 21, 2024. AR 14-38. Plaintiff appealed the denial of benefits to the appeals council and the request for review was denied on September 24, 2024. AR 1-6. Plaintiff now seeks judicial review of the ALJ's May 21, 2024 decision. Dkt. 1.

ALJ Erickson found plaintiff to have the following severe impairments: lumbar spine and thoracic spine degenerative disc disease, major depressive order, and generalized anxiety disorder. AR 20. The ALJ determined plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except she can only occasionally climb ladders, ropes, and scaffolds and occasionally

2

crawl. AR 22. Plaintiff can have occasional exposure to vibration and occasional exposure to extreme cold temperatures, understand, remember, and apply short, simple instructions, and perform routine, predictable tasks, but not in a fast paced, production type environment (such as where there is an assembly line or a high hourly quota). The ALJ also found that she can make only simple decisions and is to be exposed to only occasional, routine workplace changes with occasional interaction with the general public. *Id*. The ALJ determined plaintiff could perform the following work: Mail Clerk (DOT #: 209.687-026; light; SVP 2; 12,700 positions annually); Marker (DOT #: 209.587-034; light; SVP 2; 165,000 positions annually); and Housekeeper (DOT #: 323.687-014; light; SVP 2; 175,000 positions annually).

**DISCUSSION**

**1. Whether the ALJ harmfully erred by not discussing a lumbosacral MRI**

Plaintiff argues the ALJ erred by ignoring a lumbosacral magnetic resonance imaging ("MRI") that "showed moderate findings of left neural foraminal stenosis that resulted in contact with the existing left L5 nerve root." Dkt. 7 at 2-3.[1] According to plaintiff, this omission undermined the RFC determination because plaintiff had greater physical limitations than found by the ALJ and the lack of acknowledgement also impacted ALJ's assessment of the medical opinion evidence. *Id*.; Dkt. 12 at 2. Defendant argues the alleged error was harmless because plaintiff has not shown the

---

[1] The MRI was taken on April 10, 2023, and the relevant portion reads: "L5-S1: Asymmetric disc bulge which narrows the left subarticular recess and extends into the left neural foramen contacting the exiting left L5 nerve root and contributing to *moderate* left foraminal stenosis. There is mild right foraminal stenosis. Mild facet arthropathy. No significant spinal canal stenosis." AR 638, 726, 747(emphasis added).

3

MRI warranted any specific additional physical limitations and, thus, she cannot show she was prejudiced. Dkt. 11 at 2.

The ALJ must consider all evidence in the claimant's case record when making a disability determination. 20 C.F.R. §§ 404.1520(a)(3); 416.920(a)(3). Under the "significant probative evidence" standard, an ALJ is not required to discuss all evidence presented, but "must explain why significant probative evidence has been rejected." *Kilpatrick v. Kijakazi,* 35 F.4th 1187, 1193 (9th Cir. 2022) (quoting *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)).

Here, the ALJ reviewed all relevant medical evidence and concluded the imaging studies classified her condition as mild. AR 24. The ALJ's opinion discusses multiple imaging studies from August and September 2022, as well as March and April 2023, in determining the nature and severity of plaintiff's spinal impairments AR 24, 625-27, 636-45, 728-29, 742-49. The findings in these MRIs largely showed normal spinal alignment, with some mild to moderate disc space narrowing. AR 625, 626, 627, 628, 629, 637, 638, 640, 642, 728, 745, 747. Although the ALJ reasonably found that the imaging records generally described mild degenerative changes, the ALJ still determined plaintiff had a severe impairment at step two – specifically, lumbar spine and thoracic spine degenerative disc disease. AR 20. In assessing plaintiff's RFC, the ALJ considered the record as a whole and found there was "sufficient evidence to establish degenerative disc disease as a severe impairment," which he incorporated into the RFC determining by limiting plaintiff to light work with additional postural and environmental limitations. AR 22-25.

Plaintiff also contends that she was prejudiced because Nurse Practitioner Viet Nguyen relied on the April 2023 MRI in his medical examination, but NP Nguyen's examination took place almost one year prior, in May 2022. Dkt. 12 at 2; AR 579-88.

Even if the ALJ erred by not acknowledging the MRI, an error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). Here, the ALJ looked at the imaging records, physical therapy and counseling notes, and reasonably concluded plaintiff had severe limitations, which were accordingly reflected in the RFC. AR 22, 24. Moreover, as defendant notes, plaintiff has not identified a specific functional limitation supported by the "missing" MRI that would necessitate a more restrictive RFC. Dkt. 11 at 2. Accordingly, the Court finds no reversible error in the ALJ's treatment of the MRI evidence.

**2. Whether the ALJ harmfully erred by discounting the opinions of Mr. Viet Nguyen, NP, and Ms. Michelle Van Aken, LHMC**

Plaintiff assigns error to the ALJ's evaluation of the medical opinions of Viet Nguyen, Nurse Practitioner, and Michelle Van Aken, Licensed Mental Health Counselor. Dkt. 7 at 3-4. Defendant argues the ALJ reasonably assessed the persuasiveness of these opinions. Dkt. 11 at 2.

An ALJ must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 404.1520c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent

with other evidence from medical and nonmedical sources. *See id*.; 20 C.F.R. § 404.1520c(c)(1), (c)(2). The ALJ is not required to take every opinion of medical professionals at "face value". *Ford v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022).

- **Opinion of Mr. Viet Nguyen, NP**

On May 21, 2022, NP Nguyen conducted a consultative examination of plaintiff, including a review of plaintiff's medical records, an interview, and physical assessment. AR 579-87. He acknowledged evidence of plaintiff's back and bilateral hip pain "as reflected in exams and medical records," but concluded the condition would be "manageable with treatment." AR 583.

Nevertheless, NP Nguyen found severe physical limitations: plaintiff would only be able to stand in 15-minute increments up to two hours during an eight-hour workday; walk in 30-minute increments, up to two hours during an eight-hour workday; and sit 20 minutes at a time, up to two hours during an eight-hour workday. AR 584. NP Nguyen further opined plaintiff could never kneel, crouch, or crawl, never work at heights, or lift more than 10 pounds. AR 584-85.

An ALJ may discount a medical examiner's opinions when they are inconsistent with or unsupported by the expert's own clinical findings. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, the ALJ found NP Nguyen's opinion unpersuasive because his opinion "assessed much more significant restrictions than are supported by his own exam findings." AR 27. Specifically, the ALJ noted that NP Nguyen's clinical examination reflected normal neuromuscular strength, intact sensation, normal reflexes, full motor strength, and no abnormalities in the extremities. AR 580-81. Plaintiff had normal coordination and balance and no difficulty getting on or off the table. AR 584.

    The ALJ also cited other examination findings in exams of record that showed plaintiff exhibited normal muscle tone, bulk, range of motion, and full use of her extremities. AR 27, 606, 617, 649, 716. Although the ALJ acknowledged earlier physical therapy records documented reduced range of motion, those records pertained to plaintiff's initial evaluation. Dkt. 11 at 4-5; AR 24, 687. After two months of treatment, spanning nine sessions, plaintiff's lower extremity strength had significantly improved AR. 1010, 1015.

    Plaintiff argues NP Nguyen relied on imaging and records beyond his exams. Dkt. 7 at 2. Yet NP Nguyen's report lacked any meaningful explanation connecting the physical exam findings to the specific limitations assessed, therefore, the ALJ had substantial evidence from which to conclude that NP Nguyen's opinion was unsupported by objective evidence and inconsistent with the broader record.

- **Opinion of Michelle Van Aken, LMHC**

    LMHC Michelle Van Aken submitted a Mental Treating Source statement, in which she reported treating plaintiff weekly or biweekly for counseling between June 2021 and January 2024. AR 1001. She opined that plaintiff suffered from significant psychological limitations, including serious impairments in concentration and attention, and predicted plaintiff would be off-task at least 25% of the time, seriously limited in maintaining attention for two-hour periods, and likely to miss four or more workdays per month due to psychological symptoms. AR 1001-07. The ALJ discounted this opinion,

finding it lacked clinical support, relied heavily on plaintiff's subjective complaints, and was inconsistent with other evidence in the records. AR 28.

Plaintiff correctly notes that an ALJ may not reject medical opinions without explaining why their own interpretations are more persuasive than those of the medical source. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). Consistency with the record is an important factor in assessing the weight to give a medical opinion, yet mental examinations must be considered in the context of the overall record. *Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014).

Here, consistency was a central tenet in the ALJ's analysis. While Ms. Van Aken maintained an ongoing therapeutic relationship with plaintiff, her treatment notes—dozens of documented appointments for counseling, 2021 through 2023—consistently described plaintiff as alert and oriented, cooperative, bright, and exhibiting normal attention and thought processes. *E.g.*, AR 497-98, 499-500, 501-02, 504-05. The notes did not report any persistent impairments in plaintiff's concentration, nor did they reflect limitations consistent with an individual likely to miss work four or more days per month or unable to sustain attention for short durations. *See generally* AR 493-520, 545-570, 756-920.

The ALJ further found that Ms. Van Aken appeared to rely heavily on plaintiff's subjective complaints rather than objective clinical evidence. AR 28. Mental health providers may rely on self-reports as long as the provider analyzes those self-reports using objective measures. *Buck v. Berryhill,* 869 F.3d 1040, 1049 (9th Cir. 2017). Defendant argues symptoms listed on the form, including suicidal ideation, sleep disturbance, and isolation, are largely subjective and not clearly tied to behaviors

8

observable during therapy sessions. Dkt. 11 at 5-6; AR 1001-02. While such symptoms may be relevant in mental health evaluations, the medical opinion lacked supporting narrative or explanation linking those symptoms to the specific functional limitations assessed. AR 28.

Accordingly, the ALJ had substantial evidence from which to find Ms. Van Aken's opinion was unpersuasive, as it lacked clinical support, conflicted with the longitudinal treatment record, and appeared to rely heavily on subjective reporting without corroborating evidence.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 10th day of July, 2025.

Theresa L. Fricke
United States Magistrate Judge